# INEZ TERYLL v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 16, 1913.

Nos. 18,006—(125)

**New trial — excessive verdict.**

Action against a street car company for its conductor's conduct in refusing to accept a street car transfer, which by mistake was so punched it was not good beyond a certain street, and collecting a fare from plaintiff. Verdict for $300. *Held:* The verdict was so grossly excessive as compensation for the injury done that a new trial was granted. [Reporter].

Action in the municipal court of St. Paul to recover $500 for the conduct of defendant's conductor in accusing plaintiff of fraudulently attempting to procure a ride on its car without paying her fare. The answer admitted that plaintiff boarded a car and presented an invalid transfer to the conductor in payment of her fare and that he refused to accept it, but denied the other allegations of the complaint. The case was tried before Finehout, J., and a jury which returned a verdict of $300 in favor of plaintiff. From an order denying defendant's motion for a new trial, it appealed. Reversed.

*W. D. Dwyer,* for appellant.

*John J. Kirby,* for respondent.

PER CURIAM.

Plaintiff and another lady boarded the defendant's street railway car in St. Paul, Minnesota, paid their fare, and received a "transfer," which by mistake

1 Reported in 141 N. W. 304.

was so punched that, under the rules of defendant to its conductors, it could not be accepted for passage further east than Snelling avenue. The plaintiff and her companion transferred to a Merriam Park car going east, and when the conductor called for fares after passing Snelling avenue the transfers were presented. He told them that the transfers "were no good to him;" that they would have to pay their fares or get off. The ladies insisted that they were entitled to ride on the transfers, and the conductor attempted to explain why he could not accept them. In the dispute, the conductor may have indicated that he thought the ladies obtained the transfers in Minneapolis, and were not truthful as to the statement that the trip was begun in St. Paul. But with nothing more than the statement, uttered in a loud voice and ungentlemanly manner, in the opinion of the ladies, that they would have to pay or get off, they paid their fare, and rode to their destination. For aught that appears, the conductor's voice may naturally be loud. It is claimed that plaintiff was nervous, and because of this occurrence became hysterical in the evening or the next day, and called in a physician. However, within two weeks thereafter, plaintiff visited in a neighboring city for several days. The wrong done plaintiff was trivial, and likewise the manner in which it was done. The jury gave a verdict of $300. The sum is in our opinion so grossly excessive as compensation for the injury done that a new trial must be had.

Order reversed.